## RICHMOND v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.
May 21, 1925.)

No. 4542.

Army and navy ⬤⟞51½, New, vol. 12A Key-No. Series—Stepfather of deceased soldier held to have no interest in war risk insurance.

Under Comp. Laws N. D. 1913, § 5743, as amended by Laws 1915, c. 249, providing that, if a deceased "leaves no issue nor husband, nor wife, and no father, nor mother, nor brother nor sister, then the estate must go to the next of kin in equal degree," the stepfather of a deceased intestate does not inherit, and where deceased, at the time of his death, carried a policy of war risk insurance, his stepfather, not designated as a beneficiary, has no interest therein, under Act Dec. 24, 1919, § 15, being Comp. St. Ann. Supp. 1923, § 514vv(1).

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Action at law by John W. Richmond against the United States. Judgment for the United States, and plaintiff brings error. Affirmed.

W. A. Weaver and Holmes K. Long, both of Birmingham, Ala., for plaintiff in error.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called plaintiff, filed suit to recover on a policy of war risk insurance issued to one Charles Martin Root. Demurrers were sustained to various counts and amendments made, until the case narrowed to the ninth count of the amended complaint, the material allegations of which, in substance, are these:

On July 1, 1918, a policy of insurance was issued to Charles Martin Root, who was then in the military service of the United States, in the sum of $10,000, payable in monthly installments of $57.50 to the insured in the event of his permanent disability, and in case of his death to his mother, Anna Richmond. Plaintiff was the husband of the beneficiary, and dependent stepfather of the insured, and a person who stood in loco parentis to the soldier for a period of more than a year prior to his enlistment in the military service of the United States. The insured, Charles Martin Root, died intestate on October 25, 1918. At the time of his death he was a resident of the state of North Dakota. The beneficiary, his mother, Mrs. Anna Richmond, died March 31, 1919, having received all installments due under the contract of insurance, including the month of February, 1919. Plaintiff made application to the Bureau of War Risk Insurance for payment of the remaining installments, which was denied.

The United States again demurred to the complaint. While the demurrer is lengthy, it may be summed up as denying any right in the plaintiff to receive the installments. The demurrer was sustained, and, plaintiff declining to plead further, the suit was dismissed. Plaintiff contends that the War Risk Insurance Act (Comp. St. § 514a et seq.) contemplates the payment of insurance to dependents, and that he is to be so classed. An elaborate argument has been presented to the effect that the law should be construed to give effect to its spirit and intent rather than its specific terms as enacted.

The United States relies on section 15 of the Act of Congress of December 24, 1919 (41 Stat. 376), which reads as follows: "That if any person to whom such yearly renewable term insurance has been awarded dies, or his rights are otherwise terminated after the death of the insured, but before all of the two hundred and forty monthly installments have been paid, then the monthly installments payable and applicable shall be payable to such person or persons within the permitted class of beneficiaries as would, under the laws of the state of residence of the insured, be entitled to his personal property in case of intestacy; and if the permitted class of beneficiaries be exhausted before all of the two hundred and forty monthly installments have been paid, then there shall be paid to the estate of the last surviving person within the permitted class the remaining unpaid monthly installments," being Comp. St. Ann. Supp. 1923, § 514vv(1),

—and further on the fact that under the law of North Dakota, in which state the insured was domiciled at his death, plaintiff is not entitled to inherit the personal property of the insured in case of intestacy. The law of North Dakota, relied upon by the government and of which we, of course, take notice, is section 5743, Compiled Statutes of North Dakota, as amended by chapter 249 of the Session Laws of 1915, which provides: "If the decedent leaves no issue, nor husband nor wife, and no father, nor mother, nor brother, nor sister, then the estate must go to the next of kin in equal degree."

We are not referred to any decision of the court of last resort of North Dakota construing this section, and we apprehend that

there could not be any construction changing the plain terms of the statute. In fact, it is not contended by plaintiff that he would inherit from the insured. There are cases in which the courts have been forced to construe ambiguous statutes, sometimes to the extent of eliminating or interpolating words, in order to give them meaning and to carry out the intent of the law-making body; but the rule is, and always has been, that courts will not disregard the plain meaning of a statute in order to give effect to its presumed intent. The words of section 15 of the War Risk Insurance Act, above quoted, are too plain to require interpretation. Under section 4 of the said act plaintiff might have been designated as the beneficiary, or as an alternative beneficiary, but this was not done. Such being the case, payment can be made only in conformity to section 15. Plaintiff is not the one who would be entitled to the personal property of the insured under the laws of North Dakota, and he is without interest in the policy.

The judgment dismissing the suit was right, and it is affirmed.